David L. HALPENNY and Marie L. Halpenny, Appellants,

v.

J. Edwin KUYKENDALL et al., Appellees.

No. 13747.

Court of Civil Appeals of Texas.

San Antonio.

April 19, 1961.

M. N. Garcia, Austin, for appellants.

Carlos C. Cadena, W. L. Matthews, San Antonio, for appellees.

POPE, Justice.

Plaintiffs have appealed from a summary judgment which denied their prayer for a mandamus. David and Marie Halpenny sued J. Edwin Kuykendall, Mayor of San Antonio, and O. W. Sommers, General Manager of the City Public Service Board, to mandamus them to cause proper records and accounts to be kept in accordance with Article 1113, Vernon's Ann.Texas Civ. St.[1] Plaintiffs asked that the case be set for trial on June 29, 1960, and it was set on that date. Defendants answered and moved for a summary judgment. That hearing was also set for June 29. Defendants' motion was supported by the affidavits of the Secretary of the City Public Service Board and the Board's accountants, and by certain financial records. The affidavits stated facts which showed that the Board keeps records in accord with Article 1113, supra.

■ Plaintiffs replied to the motion and filed affidavits of four persons, all of which relate exclusively to the availability to the public of the Board's annual condensed balance sheet and statistical statement of revenue. Those documents are filed with the City Clerk. Plaintiffs' affidavits miss the mark. The accounts and records required by Article 1113, supra, are not the same thing as the annual report made from those accounts and records. Plaintiffs' affidavits therefore fail to draw a fact issue on whether the Public Service Board complies with Article 1113. This is borne out by the affidavit of one of plaintiffs' accountants. He stated, after an examination of the annual report on file with the City Clerk, that the annual report does not disclose whether Article 1113, supra, is being observed or not. The sum of the situation is that the defendants factually stated in their affidavits that Article 1113 is being met, and the plaintiffs have not by proper affidavits denied that fact.

■ Plaintiffs say that the reason they did not meet defendants' affidavits is that they were pressed into the hearing without ample opportunity to examine the accounts and records. Plaintiffs did not, however, move for a postponement or continuance. Moreover, the motion for summary judgment was heard on the same day that plaintiffs had obtained a setting to prove the merits of their petition. They should have been ready.

The order sustaining defendants' motion for summary judgment and denying the mandamus is affirmed.

---

1. "It shall be the duty of the Mayor of such city or town to install and maintain, or cause to be installed and maintained, a complete system of records and accounts showing the free service rendered, and the value thereof, and showing separately the amounts expended and/or set aside for operation, salaries, labor, materials, repairs, maintenance, depreciation, replacements, extensions, interest, and the creation of a sinking fund to pay off such bonds and indebtedness.

"It shall likewise be the duty of the superintendent or manager of such plant to file with the Mayor of such city or town, not later than February first, a detailed report of the operations of such plant for the year ending January first preceding, showing the total sums of money collected and the balance due, as well as the total disbursements made and the amounts remaining unpaid as the result of operation of such plant during such calendar year.'"